IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CAMERON SHANE CLAUNCH                                                              PLAINTIFF

vs.                                        Civil No. 6:24-cv-6055

COMMISSIONER, SOCIAL                                                               DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Pending now before this Court is Defendant's Motion to Dismiss. ECF No. 9. Plaintiff has not responded to this motion. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6. Pursuant to this authority, the Court issues this Memorandum Opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Defendant filed a Motion to Dismiss alleging Plaintiff's complaint was untimely filed. Defendant states the complaint was not filed within the statutory time limitation of sixty days following the Commissioner's notice to Plaintiff that his request for review was denied.

According to Defendant, on February 7, 2024, the Appeals Council rendered the ALJ's decision the "final decision" of the Commissioner, giving rise to judicial review within 60 days of receipt by Plaintiff. ECF No. 10. Plaintiff was given notice of this denial and of his right to commence a civil action within 60 days. *Id*. The notice informed Plaintiff he was presumed to have received the notice 5 days after the date on the notice unless he showed the Appeals Council otherwise. *Id*. Plaintiff was also informed he could submit a written request for an extension. *Id.*

Plaintiff has not shown he failed to receive notice from the Appeals Council and has not requested an extension of time in which to file a civil action. ECF No. 10-1. Therefore, Plaintiff should have commenced this civil action on or before April 12, 2024. This date includes the additional five days for receipt by mail.

**2. Discussion:**

The only civil action an individual may bring on any claim arising under Title II or Title XVI of the Social Security Act is an action to review the final decision the Commissioner has made after hearing the case. An individual must commence that action within sixty days after receiving notice of the Commissioner's final decision or within such further time as allowed by the Commissioner. The Commissioner may extend the time for instituting a civil action upon a claimant's request and showing of good cause. See 42 U.S.C. 405(g); 20 C.F.R. § 422.210(c).

On February 7, 2024, the Appeals Council rendered the ALJ's final decision. ECF No. 10-1. Therefore, Plaintiff should have commenced this civil action on or before April 12, 2024. Plaintiff filed her complaint on April 15, 2024. ECF No. 1. Defendant asserts this filing is untimely. The Plaintiff has not responded to this Motion to Dismiss. Based on this, the Court finds Plaintiff's complaint was not filed timely and should be dismissed.

**3. Conclusion:**

Based on the foregoing, Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED**. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **3rd day of September 2024**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE